IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHAWN BROWN, individually and as mother and next friend of A.B., a minor, ) ) ) Plaintiffs, ) v. ) ) WAL-MART STORES, INC., ) ASSOCIATES HEALTH AND ) WELFARE PLAN, ) ) Defendant. ) | CASE NO. 3:05-cv-810-F (WO) |

**OPINION AND ORDER**

Plaintiffs Shawn Brown ("Brown") and next friend A.B., a minor, (collectively "Plaintiffs") bring this action alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA") against Defendant Wal-Mart Stores, Inc., Associates Health and Welfare Plan ("Defendant"). This declaratory judgment action was originally filed in the Circuit Court of Tallapoosa County in the State of Alabama on July 25, 2005, and the Defendant removed the case to this Court on August 23, 2005 (Doc. #1). This cause is before the Court on the Plaintiffs' Motion to Remand (Doc. #2). Upon consideration of the submissions of the parties, the Court finds the motion must be DENIED.

The parties have stipulated that the Plaintiffs' claims are based on ERISA and that 29 U.S.C. § 1132(e)(1) supplies federal question jurisdiction over the case. However, the Plaintiffs have put forward a "novel" theory under which the Court should consider its power to exercise jurisdiction discretionary. Their argument focuses on the discretion of the federal

courts under the Declaratory Judgment Act to dismiss or stay actions pending before the court. *See Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).

Federal courts possess limited jurisdiction and can only entertain cases that Congress or the Constitution bestows authority upon them to hear. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant's removal of a case to federal court is proper if the case could have originally been brought in federal court. 28 U.SC. § 1441(a). In the absence of diversity of citizenship, federal courts look to the well-pleaded complaint rule, "which provides that federal jurisdiction exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)).

Moreover, ERISA specifically provides for federal jurisdiction over actions to recover benefits under the statute. 29 U.S.C. § 1132(e)(1). This provision provides an exception to the general grant of exclusive jurisdiction over ERISA claims and allows for concurrent state and federal jurisdiction over claims brought under § 1132(a)(1)(B) of ERISA. However, this exception from exclusive federal jurisdiction has not been construed to mean the plaintiff is entitled to an irrevocable choice of forum. *Chilton v. Savannah Foods & Inds., Inc.*, 814 F.2d 620, 623 (11th Cir. 1987).

Here, the parties agree the Plaintiffs' complaint brings a cause of action under ERISA 29 U.S.C. § 1132(a)(1)(B). Therefore, this Court has jurisdiction and "will order remand of a case only where the removal is not proper because of a defect in the removal procedure or

because the federal court itself lacks jurisdiction." *Satterfiled v. Fortis Ben. Ins. Co.*, 225 F. Supp. 2d 1319, 1321 (M.D. Ala. 2002). The Plaintiffs reliance on *Wilton* is misplaced because that case dealt with a district court's discretion to stay or dismiss a declaratory judgment action where a separate state court proceeding involved the same subject matter. There is no such proceeding here and the Plaintiffs have provided no authority for the proposition that a district court may remand a case over which federal jurisdiction was proper. As the Plaintiff has not demonstrated a defect in jurisdiction to the Court, it is hereby

ORDERED that the Plaintiffs' Motion to Remand (Doc. #2) is DENIED.

DONE this 17th day of October, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE