IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

SHAWN BROWN, individually and as )
mother and next friend of A.B., a minor, )
                                        )
        Plaintiffs, )
v. )     CASE NO. 3:05-cv-810-MEF
                                        )           (WO)
WAL-MART STORES, INC., )
ASSOCIATES HEALTH AND )
WELFARE PLAN, )
                                        )
        Defendant. )

## OPINION AND ORDER

In this action arising under the Employment Retirement Income Security Act of 1974

("ERISA"), Defendant Wal-Mart Stores, Inc., Associates Health and Welfare Plan ("Wal-

Mart") seeks review of a March 7, 2006 order (Doc. #27) of the Magistrate Judge denying

Wal-Mart's request for a protective order and allowing Plaintiff Shawn Brown ("Brown")

to engage in general discovery. On March 16, 2006, Wal-Mart filed its objection (Doc. #28)

to this order, in which it contends that the Magistrate Judge's decision was in error because

Brown is only entitled to a review of the administrative record and plan documents. Pursuant

to Federal Rule of Civil Procedure 72(a), this Court has conducted an independent review

of the materials submitted by the parties and finds, for the reasons set forth below, that the

objection by Wal-Mart (Doc. #28) is SUSTAINED IN PART and OVERRULED IN PART.

"When evaluating a plan administrator's decision to deny benefits, a district court

must first determine the appropriate standard of review." *Hunt v. Hawthorne Assocs., Inc.,*

119 F.3d 888, 912 (11th Cir. 1997).  An arbitrary and capricious standard applies where "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility or to construe the terms of the plan."  *Id.* (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)).  A more stringent "heightened arbitrary and capricious standard" is the appropriate standard of review if "the administrator suffers from a conflict of interest in rendering its determination."  *Id.*

"In actions filed under ERISA seeking review of a denial of benefits, . . . the usual discovery parameters do not apply."  *McCann v. Unum Life Ins. Co. of Am.*, 384 F. Supp. 2d 1162, 1165 (E.D. Tenn. 2003).  The proper scope of the plaintiff's discovery turns on which standard of review applies.  *Miller v. Bank of Am. Corp.*, 401 F. Supp. 2d 1372, 1377 (N.D. Ga. 2005).  Plaintiffs in actions where the standard of review is the deferential arbitrary and capricious standard are limited to the plan documents and administrative records.  *See id.* (discussing *Buckley v. Metropolitan Life*, 115 F.3d 936, 941 (11th Cir. 1997); *Lee v. Blue Cross/Blue Shield*, 10 F.3d 1547, 1550 (11th Cir. 1994); *Jett v. Blue Cross & Blue Shield, Inc.*, 890 F.2d 1137, 1139 (11th Cir. 1989)).  However, cases involving conflicts of interest may necessitate a more comprehensive record as even reasonable determinations by plan administrators are subject to judicial review for self-interest.  *See Brown v. Blue Cross & Blue Shield, Inc.*, 898 F.2d 1556, 1566 (11th Cir. 1990).  As a result, discovery beyond that allowed in cases governed by the arbitrary and capricious standard is often appropriate in actions where the heightened standard is applied.  *See Featherstone v. Metropolitan Life Ins.*

*Co.*, 223 F.R.D. 647, 656 (N.D. Fla. 2004).

Brown's complaint alleges that Wal-Mart's decision to deny her benefits was tainted by a conflict of interest on the part of the plan administrators.  And while Wal-Mart asserts that its plan does not suffer from such a conflict, the Court must accept Brown's averments as true at this stage in the proceedings.  Nevertheless, the Court concludes that discovery in this cause must be "narrowly tailored such that it is limited to seeking information concerning the self-interest issues."  *Miller*, 401 F. Supp. 2d at 1379.  Discovery must therefore be initially confined to the structure of Wal-Mart's plan and matters relating only to any indicia of self-interest in the decisionmaking process.  "Appropriate discovery is discovery that is strictly circumscribed to obtain potential evidence concerning the identified procedural challenge.  Under these circumstances, discovery which requests the administrator or fiduciary to rehash the medical reasons for its denial of the plaintiff's claim is not appropriate."  *McCann*, 384 F. Supp. 2d at 1168.

Accordingly, Wal-Mart's objection (Doc. #28) to the Magistrate Judge's order of March 7, 2006 (Doc. #27) is SUSTAINED IN PART and OVERRULED IN PART.

DONE this the 25th day of April, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

3